## UNITED STATES *v.* BAILEY.

*(Circuit Court, S. D. New York. July 24, 1891.)*

OFFENSES AGAINST POSTAL LAWS—LOTTERIES—INDICTMENT.

An indictment for sending lottery circulars through the mails need not show how the circulars concern a lottery; but, where the circulars do not show on their face that they relate to a lottery, the indictment should aver the existence of a lottery, or an intention to hold a lottery, to which the circulars refer.

At Law. Indictment for sending lottery circulars through the mails. *Edward Mitchell*, U. S. Atty., and *Maxwell Evarts*, Asst. U. S. Atty. *Abram J. Rose*, for defendant.

BENEDICT, J. I do not think this indictment defective for failing to show how and in what manner the circulars set forth in the several counts concern a lottery. It is sufficient, in my opinion, to charge in the words of the statute the fact that they do concern a lottery, without setting forth the evidence going to show that fact. But I think the indictment defective, because it fails to aver the existence of any lottery, or of an intention to hold any lottery or drawing for prizes to which the circulars set forth relate. The circulars upon their face do not show that they concern or in any way relate to a lottery. In such a case, the existence of a lottery, or of a scheme for a lottery, or of an intention to hold some lottery or drawing for prizes, to which the circulars relate, must be proved by other evidence than the circulars themselves. The fact should therefore be averred. For absence of this averment, the demurrer to the indictment is sustained.